MARY C. ROGERS *et al.*, Plaintiffs in Error, *v.* CHARLES C. MILLER *et al.*, Defendants in Error.

1. *Partition — Petition for, failing to point out each interest, subject to demurrer.* — A petition in a suit for partition, which fails to set forth the ownership of each several interest in the land sought to be divided, and contains no averment that the owner was unknown, or that there was any difficulty in pointing out the owner and defining his interest, is, under the statute (Wagn. Stat. 967, § 8), demurrable for that reason.

*Error to Clinton Circuit Court.*

*Birch*, and *Vories & Vories*, for plaintiffs in error

The petition alleges that the plaintiffs and defendants — that is, those whose husbands are joined with them — are the owners of said land, that they hold it in common; and then again it is stated that each owns one-fifth part by an estate of inheritance in fee. These allegations of title are sufficient. It is not necessary to set forth the manner in which the title is derived, or to state the mere evidence in the cause. (Bradshaw v. Callaghan, 8 Johns., N. Y., 558; 3 Paige Ch. 242; See & Bro. v. Cox, 16 Mo. 166; Page v. Freeman, 19 Mo. 421; Saunders v. Anderson, 21 Mo. 402.) In the case of Holmes v. McGee, 27 Mo. 597,

the petition was not so specific as the petition in this case, and yet the court held it to be sufficient. (See Whittel's Pr. 166; Abbott's Forms, tit. Partition; 2 Van Santv. Eq. Pl. 17.)

*Woodson, Vineyard & Young,* for defendants in error.

It is submitted that the petition to which the demurrer was sustained was radically defective under the act regulating suits for partition (2 Wagn. Stat. 967, § 3). From the petition it appears that there is one undivided fifth part of said real estate that is not owned by the five persons last named. The petition should state fully the title of each and all of the owners of said property.

CURRIER, Judge, delivered the opinion of the court.

A demurrer to the petition was sustained, and the plaintiffs bring the cause into this court by writ of error. The suit was for the partition of real estate. The petition shows that the parties to the suit held the estate as tenants in common; that the plaintiffs, Mary A. Rogers and Martha J. Dickinson, were the owners in fee of one undivided fifth of the premises, and that the defendants, Charles C. Miller, Daniel E. Miller and George R. Miller, were the owners in fee of three-fifths, each holding one-fifth. The petition makes no reference to the remaining fifth. The statute (2 Wagn. Stat. 967, § 3) requires that the "names, rights and title of all the parties interested" in the estate sought to be divided shall be set out "so far as the same can be stated." The petition before us does not do that; it is entirely silent as to one undivided fifth part of the premises proposed to be partitioned. There is no averment that the owner was unknown, or that there was any difficulty in pointing out the owner and defining his interest. The petition is defective in its treatment of this fifth interest. Apparently the error arises from assigning one-fifth to Mrs. Rogers and Mrs. Dickinson jointly, instead of assigning one-fifth to each of them. The plaintiffs should have confessed the demurrer and taken leave to amend. They chose, however, to stand by their defective petition, and the judgment declaring it insufficient must be affirmed. The other judges concur.